■ In the Matter of JAMES A. CIACCIA, Petitioner, v. PATRICK V. MURPHY, as Police Commissioner of the Police Department of the City of New York, Respondent. — Proceeding pursuant to article 78 of the CPLR to review respondent's determination dated November 16, 1971, dismissing petitioner from his position of patrolman in the New York City Police Department. Determination annulled, on the law, without costs, and matter remanded to respondent for a new hearing, at which the original executed UF-215 form in question, for June 27, 1970, shall be produced. Petitioner was dismissed from his position because of an alleged shakedown of two persons who had been found under circumstances indicating that they were engaging in the act of sodomy on June 27, 1970. At the disciplinary hearing conducted by respondent, petitioner denied that he had been at the scene of the alleged shakedown and claimed that at the time of the aforesaid occurrence he was at his assigned foot patrol post several blocks away. Petitioner's counsel requested that an executed UF-215 form, which indicates the time and place of all calls made by petitioner from his assigned post to the station house for the day in question, be made available to the hearing officer and be admitted into evidence. It was indicated at the hearing that the form was in the possession of the District Attorney's office, but respondent's counsel then said he had no objection to incorporating it into the record when it would become available. Despite this stipulation, the executed UF-215 form was never received into evidence. In view of the very close question as to petitioner's culpability and the many inconsistencies in the record, it is our opinion that the failure of respondent to produce the executed UF-215 form precluded a valid determination based on substantial evidence of the entire record; and a new hearing should be ordered, at which time the executed UF-215 form should be produced. Rabin, P. J., Munder, Martuscello, Latham and Shapiro, JJ., concur.